# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEVEN JUSTICE,**
**Claimant Below, Petitioner**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-57**        (JCN: 2023011950)

**TRANSWOOD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Keven Justice appeals the January 8, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Transwood filed a response.[1] Mr. Justice filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order insofar as displacement of cervical intervertebral disc, contusion of the left hand, displacement of thoracic intervertebral disc without myelopathy and carpal tunnel syndrome were not compensable conditions in this claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Justice was injured on December 1, 2022, when he was in a motor vehicle collision while driving a truck for Transwood. Mr. Justice completed an Employees' and Physicians' Report of Occupational Injury on December 5, 2022, in which he stated that he was involved in a motor vehicle accident and sustained injuries to his upper back and neck. The physician's portion noted a cervical and thoracic injury from a motor vehicle accident. By order dated December 18, 2022, the claim administrator approved the claim for the conditions of sprain of joints and ligaments of the neck and thorax sprain.

Prior to the compensable injury, records from Teays Valley Chiropractic Center dated March 22, 2021, to July 1, 2022, reveal that Mr. Justice received chiropractic treatment for his cervical and lumbar spine. Mr. Justice began treatment with Joseph Marinacci, D.C., on March 22, 2021. He complained of worsening lumbar discomfort that began over a year ago, but he was unsure of what caused the pain. Mr. Justice followed up

---

[1] Mr. Justice is represented by Robert F. Vaughan, Esq. Transwood is represented by Patricia E. McEnteer, Esq.

1

with Dr. Marinacci on May 10, 2021. He again complained of lumbar discomfort but stated that the treatment was helping. Mr. Justice followed up with Dr. Marinacci on August 13, 2021, and complained of cervical, lumbar, and headache discomfort. Mr. Justice described his pain as acute, shooting, sharp, and throbbing pain in the lumbar region, radiating to his upper leg. He also described stiffness and tightness in his neck. Mr. Justice was seen again by Dr. Marinacci on November 8, 2021, and he complained of cervical, lumbar, and headache discomfort. Mr. Justice reported that his pain was aggravated by sleeping and sitting, but that massage therapy helped to relieve his pain. On May 16, 2022, Mr. Justice returned to Dr. Marinacci, and complained of cervical lumbar and headache discomfort, which he stated began on April 15, 2022.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation ("IME") on February 20, 2023. Dr. Mukkamala diagnosed Mr. Justice with thoracic sprain related to the injury of December 1, 2022. Dr. Mukkamala opined that Mr. Justice had reached maximum medical improvement ("MMI") and did not need further treatment.

On February 22, 2023, Mr. Justice was seen by his treating physician, Roderick Young, M.D. Dr. Young noted that Mr. Justice sustained an injury to his cervical spine, left hand, and thoracic spine on December 1, 2022. Dr. Young diagnosed neck sprain, cervical radiculopathy, sprain of the left wrist, contusion of the left hand, thoracic back sprain, displacement of cervical intervertebral disc, displacement of thoracic intervertebral disc without myelopathy, and carpal tunnel syndrome of the left wrist, which he stated should be added to the claim.

Dr. Mukkamala authored a supplemental report dated March 13, 2023, following his review of additional medical records, including those of Dr. Young. Dr. Mukkamala stated that he disagreed with Dr. Young regarding the additional diagnoses. Dr. Mukkamala noted that he stated in his February 20, 2023, report that Mr. Justice had reached MMI, and that Dr. Mukkamala stood by that conclusion. Dr. Mukkamala opined that Mr. Justice was able to return to work at full capacity with no restrictions. Further, Dr. Mukkamala found that Mr. Justice had no signs or symptoms to indicate carpal tunnel syndrome, nor did he have electrodiagnostic evidence of carpal tunnel syndrome. In Dr. Mukkamala's opinion, Mr. Justice he had sustained a soft tissue injury, and there was no pathological basis for ongoing symptoms.

On April 26, 2023, Syam B. Stoll, M.D., performed an IME. Mr. Justice reported that his left thoracic spine felt like "stabbing/electricity shooting six to eight inches down his back." Dr. Stoll's assessment was sprain of joints and ligaments of the cervical spine, and sprain of other specified parts of the thorax. Dr. Stoll opined that Mr. Justice had reached MMI for both conditions, and that further medical care would not be necessary. Dr. Stoll noted that his review of the cervical MRI revealed that Mr. Justice has preexisting cervical spondylosis at C5-C6, degenerative disc disease, bilateral uncovertebral hypertrophy, and cervical osteophytes.

On August 9, 2023, Bruce Guberman, M.D., performed an IME. Mr. Justice complained of injuries to his neck, thoracic spine, and left wrist. Dr. Guberman's impression was chronic posttraumatic strain of the cervical spine, chronic posttraumatic strain of the thoracic spine, and chronic posttraumatic strain of the left wrist. Dr. Guberman opined that Mr. Justice had reached MMI for the compensable injury. When asked about Dr. Young's diagnosis update, Dr. Guberman agreed only with the addition of a sprain of the left wrist and a thoracic back sprain. Dr. Guberman noted that Mr. Justice had non-verifiable radicular complaints but did not meet the criteria for cervical radiculopathy; and that he had symptoms consistent with carpal tunnel syndrome, but there was no evidence of that on his EMG/nerve conduction studies. Dr. Guberman did not believe that Mr. Justice was at MMI at the time he saw Dr. Mukkamala, because Dr. Mukkamala evaluated only the thoracic spine and not the cervical spine, and because Mr. Justice had received additional treatment. Further, Dr. Guberman noted that Dr. Mukkamala did not evaluate the left wrist.

On January 8, 2024, the Board issued an order reversing the claim administrator's March 20, 2023, order in part and holding neck sprain, thoracic back sprain, and left wrist sprain as compensable, but affirming insofar as cervical radiculopathy, contusion of left hand, displacement of cervical intervertebral disc, displacement of thoracic intervertebral disc without myelopathy and carpal tunnel syndrome were held not compensable.[2] It is from this order that Mr. Justice now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;

---

[2] The Board's order also reversed the claim administrator's orders of February 22, 2023, and April 25, 2023, and granted temporary total disability benefits through August 9, 2023; reversed the claim administrator's March 20, 2023, order and reimbursed mileage from February 21, 2023, through March 20, 2023; reversed the claim administrator's March 27, 2023, order and held that the February 22, 2023, MRI of the left wrist will be paid through the claim and affirmed the denial of cervical physical therapy. However, these portions of the Board's order are not at issue on appeal.

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

Mr. Justice argues that the Board's decision is clearly wrong due to errors in Dr. Stoll's report, which he alleges referenced an August 23, 2022, MRI and a December 13, 2022, x-ray that do not exist.[3] Further, Mr. Justice argues that the diagnoses of displaced cervical intervertebral disc, displaced thoracic intervertebral disc without myelopathy, and left-hand contusion should be added as compensable conditions in this claim, or that in the alternative the above diagnoses should be remanded to the claim administrator for further evaluation. We disagree that the Board's decision is clearly wrong.

Three elements must co-exist in compensability cases: "(1) a personal injury (2) received in the course of employment [a]nd (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970).

"The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board was clearly wrong in finding that cervical radiculopathy, contusion of left hand, displacement of cervical intervertebral disc, displacement of thoracic intervertebral disc without myelopathy and carpal tunnel syndrome are not compensable conditions in this claim. The Board's denial of these conditions was based on the opinions of Drs. Guberman and Mukkamala, as well as Dr. Stoll. The Board found that Drs. Guberman, Mukkamala, and Stoll all concluded that cervical radiculopathy, carpal tunnel, displacement of the cervical intervertebral disc, and displacement of thoracic intervertebral disc without myelopathy are not compensable conditions in this claim.

---

[3] This Court notes that Rule 6(b) of the West Virginia Rules of Appellate Procedure states, in part, that: "[a]nything not filed with the lower tribunal shall not be included in the record on appeal. . . ." Here, an affidavit of Mr. Justice, a Transwood Driver Settlement, a claims summary, and a report authored by Dr. Joseph Marinacci were included in the Appendix but were not in the Board's record. Thus, this evidence will not be considered on appeal.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Justice failed to establish that cervical radiculopathy, contusion of left hand, displacement of cervical intervertebral disc, displacement of thoracic intervertebral disc without myelopathy and carpal tunnel syndrome are compensable conditions in this claim. The Board's conclusion that these conditions were not compensable was not based on the error in Dr. Stoll's IME report regarding the August 23, 2022, MRI. The Board concluded that Dr. Young's opinion was the outlier regarding the compensability of these conditions, and his opinion was therefore unpersuasive. We defer to the Board's credibility determinations. *See Martin v. Randolph Cnty. Bd. of Educ*., 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence. . . .").

Accordingly, we affirm the Board's January 8, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5